

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2005

# Budy v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2559

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Budy v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1156.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1156

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-2559

ERNIE BUDY,

Petitioner

v.

*ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF THE DEPARTMENT OF
HOMELAND SECURITY,

Respondents

(*Amended pursuant to Rule 43(c), Fed. R. App. P.)

_____

On petition for review of a final order
of the Board of Immigration Appeals
File No: A79-327-480

_____

Submitted pursuant to LAR 34.1(a)
May 6, 2005

Before: MCKEE, SMITH, and VAN ANTWERPEN, *Circuit Judges*

(Filed: May 19, 2005)

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge*.

Appellant Ernie Budy appeals a decision of the Board of Immigration Appeals ("BIA") in which the BIA affirmed the Immigration Judge's ("IJ's") denial of Budy's application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). We will affirm.

Because we write only for the parties, we limit our discussion to the facts and legal principles necessary to resolve this appeal. After a hearing in which Budy presented testimony in support of her claim, the IJ made an adverse credibility determination, finding that Budy had not testified credibly, and thus had not carried her burden of proof with respect to establishing eligibility for asylum. The BIA affirmed in a *per curiam* opinion in which it adopted the portion of the IJ's opinion containing the IJ's adverse credibility analysis. An adverse credibility determination is a factual finding reviewed under the substantial evidence standard. *Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003) (en banc). Under this standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). "Thus, the question whether an agency determination is supported by substantial evidence is the same as the question whether a reasonable fact finder could make such a determination based upon the administrative record." *Id.* at 249.

Budy is a native of Indonesia, and she is of Chinese ethnicity. Her petition for

asylum revolved in large part around an alleged May 1998 incident in which Budy claimed that a number of Muslim men surrounded a car in which she was driving with a female friend named Vivi, who was also of Chinese ethnicity. Budy alleged that she and Vivi were forced to exit the car, and that the attackers raped Vivi. Budy indicated that the attackers tore off some of her clothing, but did not rape her because she was menstruating at the time. Budy claimed that she escaped from the attackers, and that an elderly Chinese man assisted her in getting to the hospital.

The IJ cited a number of concerns and discrepancies with respect to Budy's testimony. We focus on two that we believe provided substantial evidence for the IJ's adverse credibility determination that was adopted by the BIA. First, Budy's initial affidavit, prepared without the assistance of counsel, indicated that "a bunch of savage men came out from the bushes" and blocked the car in which she and Vivi were traveling. A second, supplemental affidavit submitted by Budy at a later date provided additional information relating primarily to her religious background, and contained a paragraph stating that everything in the first affidavit was true. Budy later submitted a third, single-paragraph affidavit, prepared with the assistance of counsel, in which she sought to modify information provided in her first affidavit. This third affidavit did not mention men coming "out of the bushes." Instead, it indicated that "we found ourselves blocked by a bus in the street. We did not realize the bus was there as a road-block until we approached closer and people inside the bus came out. They rushed out of the bus and

3

surrounded my car." The remainder of the single-paragraph third affidavit described the opening moments of the alleged 1998 attack in a manner consistent with the statements in Budy's initial affidavit. At her hearing, Budy testified in a manner consistent with the third affidavit, indicating that the reference to "bushes" in the first affidavit had been a mistake, and that her attackers had actually exited a bus that was blocking the roadway on which she was driving.

The IJ cited the discrepancy between Budy's first affidavit, on the one hand, and her third affidavit and hearing testimony, on the other, as a basis for his adverse credibility determination. The BIA adopted the IJ's finding. On appeal, Budy notes the "alphabetical similitude" between "bushes" and "bus," and argues that this fact proves that the first affidavit's reference to attackers who came "out of the bushes" was merely a typographical error. While this is one possible interpretation, we do not think the IJ was obligated to take this view. Budy's third affidavit not only mentions a bus, but explains that it was the presence of this bus on an otherwise empty road that operated as a roadblock, preventing Budy and her companion from escaping. These details, concerning events central to Budy's claim, can reasonably be expected to have been included in Budy's first affidavit. Where such details were omitted, and where Budy filed a second affidavit reaffirming the accuracy of the first affidavit, only to follow with a third affidavit that changed Budy's account, and where Budy proceeded to testify in a manner consistent with the third affidavit, we believe the IJ reasonably cited the discrepancy

4

concerning the origin of Budy's attackers as a factor that cast doubt on Budy's overall veracity.

A second, and similar, discrepancy noted by the IJ relates to Budy's account of her escape from her attackers. Budy's initial affidavit stated that while she was fleeing from the scene, an elderly local resident "came to me and embraced me." The affidavit states that this resident helped Budy find a secure route to the hospital where she worked, and that she took shelter there. However, in her hearing testimony, Budy indicated that after encountering this resident, she took shelter in his home for several hours, and only later proceeded to the hospital. The IJ found that Budy's failure to indicate in her affidavit that she had taken shelter in a stranger's home immediately after fleeing her alleged attackers cast further doubt on Budy's overall credibility. Budy argues on appeal that there is no contradiction between her affidavit and her testimony, and that the testimony simply contains added details that supplement, but do not contradict, the account in her initial affidavit. Budy's argument is not inherently unreasonable, but we do not believe it is the only plausible interpretation of the facts. The events surrounding the alleged 1998 attack and its immediate aftermath are at the core of Budy's claimed entitlement to asylum and withholding of removal. Where Budy's initial affidavit contained substantial detail with respect to these incidents, and yet omitted the fact that she took shelter in a stranger's home for several hours prior to leaving and making her way to the hospital, we believe the IJ reasonably viewed such an omission, combined with Budy's later, more detailed

5

testimony, as giving rise to a discrepancy that undermined Budy's overall credibility.

In sum, we hold that the IJ's adverse credibility determination, adopted by the BIA, was supported by substantial evidence. The absence of credible testimony in support of her claim left Budy unable to demonstrate her entitlement to the relief she seeks, and thus we will affirm the decision of the BIA.